IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cameron Jamond Hallman, #26547-058, | ) | Case No. 2:21-cv-01036-JD-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden of FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Cameron Jamond Hallman, #26547-058 ("Petitioner" or "Hallman"), a federal prisoner brought this Petition for a Writ of Habeas Corpus without the aid of counsel under 28 U.S.C. § 2241. (DE 1-1.) Hallman is serving a 180-month sentence following a written plea agreement on July 24, 2018, which dismissed a second count of brandishing a firearm in furtherance of a crime of violence that would have subjected Petitioner to an additional mandatory 25-year sentence. (Crim. Case No. 3:18-cr-00201-MOC, Dkt. Nos. 12, 70.)

The Report recommended summary dismissal without requiring the captioned Respondent to file a return because this Court lacks jurisdiction since Petitioner cannot show that § 2255 is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

inadequate to test the legality of his conviction or sentence under In re Jones and Wheeler.[2] (DE 9.) Hallman filed an Objection to the Report and Recommendation, which principally challenged his inability to "file a § 2255 Motion [] because he waived his right to file same in his Plea Agreement. As such, he was forbidden to file a § 2255 Motion except for claims of ineffective assistance of counsel." (DE 11, p. 4.) For the following reasons, the Court adopts the Report and Recommendation.

Although Hallman filed an Objection to the Report and Recommendation, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver

---

[2] The Fourth Circuit held in In re Jones, 226 F.3d 328 (4th Cir. 2000), that a petitioner must satisfy the following criteria in order to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333–34. The Fourth Circuit later established a similar set of criteria in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), to determine whether a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429.

rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments.  However, the Court has identified the following specific objection, which will be addressed herein.  Hallman objects to the Report's finding that he cannot satisfy the second prong of the In re Jones and Wheeler tests because the written plea agreement he entered prohibits him from filing a § 2255 appeal, except for claims of ineffective assistance of counsel.  Since Petitioner expressly acknowledges in his petition that he never filed a motion to vacate judgment under 28 U.S.C. § 2255 in the first instance, he cannot satisfy the second prong under In re Jones or Wheeler, and the Court, therefore, lacks jurisdiction over his petition.  To the extent Petitioner contends that his § 2255 remedy is inadequate or ineffective because his time to file a § 2255 motion has expired, the undersigned reiterates that this argument is without merit. See In re Jones, 226 F.3d at 333–34 (explaining that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision); In re Vial, 115 F.3d at 1194 n.5 (finding that a procedural impediment to § 2255 relief, such as the statute of limitations, does not render § 2255 review "inadequate" or "ineffective").

Accordingly, Hallman has failed to satisfy the elements of the <u>Wheeler</u> test to invoke the savings clause of § 2255 to challenge his sentence, and Petitioner's § 2241 challenge to his sentence is, therefore, dismissed.

It is, therefore, **ORDERED** that Hallman's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                                              _____
                                                                              Joseph Dawson, III
                                                                              United States District Judge

Greenville, South Carolina
March 14, 2022

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.